IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES ARTHUR CULBRETH, #214 203      *

   Petitioner,                                                         *

      v.                                                                  * CIVIL ACTION NO. 2:03-CV-218-F

CHERYL PRICE, WARDEN, *et al*.,         *

   Respondents.                                                  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction and Procedural History**

Petitioner, James Culbreth, filed this application for habeas relief pursuant to 28 U.S.C. § 2254 on February 24, 2003. During the April 1999 session of the Montgomery County Grand Jury, Petitioner was indicted in two separate indictments. Each indictment charged Petitioner with two separate counts of sodomy in the first degree and one count of enticing a child. After Petitioner entered pleas of not guilty to both indictments, the indictments were consolidated for trial. (Doc. No. 8, Exh. A, Vol. I of I & II.)

On September 26, 2000 a jury convicted Petitioner of the charges contained in the indictments. On October 5, 2000 the trial court granted the State's request to *nolle prosse* the convictions returned against Petitioner with respect to the offenses charged in Count II of each indictment. The trial court sentenced Petitioner on November 14, 2000 to life in prison

on the two counts of first degree sodomy as charged in count I of the indictments and five years' imprisonment on each count of enticing a child. The trial court directed the four sentences to run concurrently. At sentencing, Petitioner gave oral notice of appeal. The trial court appointed counsel for Petitioner on appeal after granting trial counsel's request to withdraw from representation. On January 10, 2001, the trial court denied Petitioner's October 23, 2000 motion for judgment of acquittal. (Doc. No. 8, Exh. A Vol. I of I & II.)

On appeal, Petitioner argued that the trial court erred in allowing the State to present evidence of flight and that the evidence presented was insufficient to sustain his convictions. The Alabama Court of Criminal Appeals affirmed the convictions in a written opinion filed April 20, 2001. The Court of Criminal Appeals overruled Petitioner's application for rehearing on May 25, 2001. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on August 31, 2001 and the Alabama Court of Criminal Appeals issued a certificate of judgment on the same day. (Doc. No. 8, Exhs. B-H.)

On October 1, 2001, Petitioner filed a state post-conviction petition pursuant to Rule 32, Alabama Rules of Criminal Procedure. He alleged therein that: (1) he was convicted in violation of the Double Jeopardy Clause; (2) the trial court lacked jurisdiction to render judgment or impose sentence because the indictments were fatal and void; (3) the trial court committed reversible error by amending, changing, and/or correcting the indictment without consent of the defense; and 4) Petitioner received ineffective assistance of counsel. The trial court issued an order on November 26, 2001, denying the Rule 32 petition. Petitioner's

appeal of the lower court's judgment was affirmed by the Alabama Court of Criminal Appeals on June 21, 2002. The criminal appeals court denied Petitioner's application for rehearing on August 2, 2002. The Alabama Supreme Court denied Petitioner's application for writ of certiorari on October 11, 2002. (Doc. No. 8, Exhs. I-Q.)

In the instant application for habeas corpus relief, Petitioner presents the following claims:

    1. He received ineffective assistance of trial counsel;

    2. He received ineffective assistance of appellate counsel;

    3. Petitioner's convictions violate the Double Jeopardy Clause because:

        a. the evidence used to convict him of the four offenses was the same evidence used to acquit him of two of the charged offenses; and

        b. the offense of enticing a child is a lesser-included offense of first degree sodomy;

    4. The trial court lacked jurisdiction to impose sentence and render judgment because:

        a. the indictments were facially fatal and void as they failed to state sufficient facts to support the offense of first degree sodomy;

        b. the State failed to prove an element of first degree sodomy, specifically, forcible compulsion;

        c. the trial court improperly amended count III of Petitioner's indictments

without his consent;

      d.  the indictments were broadened improperly when the State was allowed to introduce evidence of flight, a charge not contained in the indictment;

      e.  the trial court abused its discretion when it granted the State's motion *in limine* to prevent introduction of a civil suit filed by one of the victims against Petitioner;

  5.  Petitioner's conviction was obtained by the State's failure to disclose exculpatory evidence.

## II. Discussion

### A.  Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a Petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (c)). In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. Exhaustion is not required if, at the time a federal habeas corpus petition is filed, petitioner has no available state remedy. *Teague v. Lane*, 489 U. S. 288, 297-98 (1989). In this case, Petitioner's claims will be considered exhausted for the purposes of federal habeas review.

## B. Procedural Default

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, either by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *Coleman v. Thompson*, 501 U. S. 722, 749-50 (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction). A procedural default also may occur when a state court declines to consider the merits of a claim on the basis of an adequate and independent state procedural rule. *Harris v. Reed,* 489 U.S. 255, 262 (1989).

Respondents argue that some of Petitioner's allegations are procedurally defaulted. They assert that Petitioner's allegations that he received ineffective assistance of trial and appellate counsel are defaulted because he failed to raise these claims on appeal from the denial of his Rule 32 petition. Respondents also contend that Petitioner's claims that the trial court lacked jurisdiction because his indictments were fatally void and that the State failed to disclose exculpatory evidence are procedurally barred because he failed to raise these claims in a petition for writ of certiorari to the Alabama Supreme Court. In addition, Respondents assert that Petitioner's allegation that the trial court abused its discretion by preventing him from introducing evidence of a civil suit filed against him is procedurally

barred because it is raised for the first time in the instant petition. Finally, Respondents maintain that Petitioner's claims concerning a broadening of the indictment based on flight were found barred by the Alabama Court of Criminal Appeals because Petitioner failed to preserve the flight issue at trial and failed to raise the claim in his Rule 32 petition.

Petitioner can avoid the procedural bar by showing either cause and prejudice or that a resulting fundamental miscarriage of justice will occur if the federal court does not consider the merits of the claim. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). Cause must ordinarily be something external to the defense. *Marek v. Singletary,* 62 F.3d 1295, 1302 (11th Cir.1995). To demonstrate the prejudice component, Petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis,* 941 F.2d 1471, 1480 (11th Cir.1991) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original)).

A review of the record in this case demonstrates that Petitioner has failed to establish either cause for his procedural default or the necessary prejudice resulting from such default. Nevertheless, this court may still reach the merits of Petitioner's defaulted claims in order to prevent a fundamental miscarriage of justice. The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may

consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. This exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir.1995) (denying certificate of probable cause) (footnote omitted); *Schlup*, 513 U.S. at 327 (a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.* at 324.

Petitioner has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. His procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### C. Standard of Review

To prevail on his § 2254 claims, Petitioner must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[1] *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id.* at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id.* at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established

---

[1] 28 U.S.C. § 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1)    resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
>
> (2)    resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411. Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

### D. The Issues

#### 1. The Double Jeopardy/Sufficiency of the Evidence Claims

*Double Jeopardy*

As previously noted, two separate indictments were returned against Petitioner. Each indictment charged him with first degree sodomy in violation of Ala. Code § 13A-6-63(a)(3) (count I), sodomy in the first degree in violation of Ala. Code § 13A-6-63(a)(1) (count II), and enticing a child to enter a vehicle, room, house, office, or other place for immoral purposes in violation of Ala. Code § 13A-6-69 (count III). The indictments were consolidated for trial. A jury convicted Petitioner on all counts of the indictments and the court found Petitioner guilty on all counts of the indictments. (Doc. No. 8, Exh. A TR- 174.) Petitioner

asserts that after the jury returned its verdict but before sentencing, the trial court granted the State's request to *nolle prosse* Petitioner's convictions with regard to the offense charged in count II of the indictments. Such action, Petitioner argues, subjected him to double jeopardy and also meant that there was no evidence remaining to support his convictions for first degree sodomy as set forth in count I of his indictment.

Petitioner is incorrect that the trial court's decision to forego further proceedings with respect to count II of the indictments following a jury verdict on this offense meant that he was not guilty of first degree sodomy. Pursuant to Ala. Code § 13A-6-63, a person commits the crime of sodomy in the first degree if: (1) he engages in deviate sexual intercourse with another person by forcible compulsion; or (2) he engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or (3) he, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.[2] At Petitioner's trial, the court read the indictments against Petitioner to the jury. The indictment returned against Petitioner with respect to victim S.L. charged that Petitioner violated Ala. Code § 13A-6-63(a)(3), count II of the indictment charged Petitioner with violating Ala. Code § 13A-6-63(a)(1), and count III charged Petitioner with enticing a child to enter vehicle, house, etc., for immoral purposes in violation of Ala. Code § 13A-6-69. Petitioner was indicted on the same charges with

---

[2]The offense of sodomy in the first degree as defined in subdivision § 13A-6-63(a)(3) was enacted to cover situations where there is no forcible compulsion. *See Rider v. State*, 544 So.2d 994 (Ala.Crim.App.1989).

respect to victim J.B.[3] (Doc. No. 8, Exh. A, TR-22-26.) During the trial court's oral charge to the jury with respect to the sodomy charges, the court instructed the jury that in order to convict Petitioner of first degree sodomy it would have to find that the State proved beyond a reasonable doubt each of the elements of sodomy in the first degree as charged in the indictments. The court advised the jury that if they found that the State met its burden of proof, they should find Petitioner guilty of first degree sodomy. (*Id*. Exh. A. TR-167-168.) The jury found Petitioner guilty as charged to all counts and, based on this verdict, the trial judge adjudged Petitioner guilty of those counts. (*Id*. Exh. A, TR-173-174.)

On October 5, 2000, the trial court granted the State's motion to *nolle prosse* count II as charged in the indictment. (Doc. No. 8, Exh. A, pg. 14.) At Petitioner's sentencing hearing held November 14, 2000, the trial court sentenced Petitioner with respect to his two convictions on count I of each indictment (first degree sodomy in violation of Ala. Code § 13A-6-63(a)(3)), as well as the two enticement convictions as charged in count III of the indictments. (*Id*. Exh. A, Vol. I of I pgs. 6 & 13, Vol. I of II, pgs. 7 & 9, Vol. II of II, TR-186.) Petitioner was not sentenced with respect to his convictions on Count II of the indictments. (*Id*.) It is clear, therefore, that Petitioner was convicted and sentenced as charged in counts I and III of the indictments and that no further proceedings were taken against Petitioner on his convictions as charged in count II of each indictment.

---

[3]At the time of the crimes, victims S.L. and J.B. were both under the age of 12. Petitioner was over the age of 16.

11

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause affords a defendant three basic protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). Generally speaking, a second prosecution following an acquittal or a finding of guilt is barred by double jeopardy if the offenses in the first and second prosecutions are the same, *see Brown v. Ohio*, 432 U.S. 161, 165-66 (1977), or if one offense is a lesser included offense of the other, *see Harris v. Oklahoma*, 433 U.S. 682, 683 (1977); *Brown*, 432 U.S. at 167, or if the government must prove conduct in the subsequent prosecution that constitutes an offense for which the defendant has already been prosecuted. *See Grady v. Corbin*, 495 U.S. 508, 510 (1990).

Here, the fact that the trial court, in essence, granted the State's request to proceed no further with respect to Petitioner's convictions on count II as charged in the indictment does not mean that the evidence was insufficient to sustain his convictions as to count I as charged in each indictment. The State's request and the trial court's decision in this regard did not subject him to double jeopardy.[4] Habeas relief is, therefore, not warranted on this claim.

---

[4]Although the decision to forego further proceedings with respect to Petitioner's convictions as charged in count II of his indictments would not in and of itself prevent the issuance of a subsequent indictment for

The court understands Petitioner to argue that he was also subjected to double jeopardy because his conviction under Ala. Code § 13A-6-69 is a lesser included offense of Ala. Code § 13A-6-63.  Under Ala. Code § 13A-6-69:

> [i]t shall be unlawful for any person with lascivious intent to entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite, any child under 16 years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person.

Here, as determined by the state courts, first degree sodomy and enticing a child to enter vehicle, house, etc., for immoral purposes, are punishable as separate crimes because each statute requires proof of an element that the other does not.  (Doc. No. 8, Exh. L pg. 3.)  Because each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. *Id*; *see Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . ").  Because it was not error to punish Petitioner under both statutes, the State court's determination that

---

that same offense, constitutional and statutory provisions prohibiting double jeopardy would do so in a case such as Petitioner's where a valid conviction for first degree sodomy in violation of Ala. Code § 13A-6-63(a)(1) still stands.  The trial court's agreement not to conduct any further proceedings with respect to these convictions entered against Petitioner appear to have worked to his advantage.

13

he was properly convicted and sentenced under both statutes and that no double jeopardy violation occurred was neither contrary to, nor an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

*Sufficiency of the Evidence*

To the extent Petitioner complains in general that the evidence was insufficient to sustain his convictions, he is not entitled to habeas relief. The standard for assessing a sufficiency of the evidence claim is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although a jury "may not base a verdict on mere speculation," it may permissibly draw a vast range of inferences from evidence. *United States v. Long*, 905 F.2d 1572, 1576 ( D.C. Cir. 1990). No distinction is made between direct and circumstantial evidence in evaluating the sufficiency of evidence supporting a guilty verdict. *See Holland v. United States*, 348 U.S. 121, 139-40 (1954). Further, to be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir.1984).

The Court of Criminal Appeals found the evidence sufficient to sustain Petitioner's convictions for first degree sodomy and the enticement offense. (Doc. No. 8, Exh. D pgs. 4-5.) Upon review of the Court of Criminal Appeals' decision, as well upon its own independent review of the record, the court finds that the totality of evidence was sufficient

for the state court to find beyond a reasonable doubt that Petitioner was guilty of the crimes for which he was convicted. (Doc. No. 8, Exh. A.) Consequently, Petitioner is entitled to no relief on this claim. 28 U.S.C. § 2254(d).

## 2. Lack of Trial Court Jurisdiction

Petitioner asserts that the trial court was without jurisdiction to impose sentence and render judgment because: (1) the State failed to prove forcible compulsion as provided in the indictment and because this count of the indictment *was nolle prossed*, and (2) count III of the indictment was amended without consent of the defense.

With regard to Petitioner's argument that the trial court lacked jurisdiction to sentence him and render judgment because the State failed to provide sufficient evidence of forcible compulsion, as previously noted, the trial court agreed to the State's request to forego any further proceedings with respect to Petitioner's convictions for violating Ala. Code § 13A-6-63(a)(1) as described in count II of his indictments. Petitioner was not sentenced on these convictions and is not in custody pursuant to a sentence of imprisonment with respect to these convictions. Consequently, the court finds no merit to this contention. Moreover, an independent review of the record shows that there was sufficient evidence to support the jury's verdict on all offenses as charged in the indictments. *Jackson*, 443 U.S. at 319.

Petitioner maintains that the trial court lacked jurisdiction to impose sentence and render judgment where it amended count III of his indictments without his consent. The Alabama Court of Criminal Appeals denied relief on this claim, following the decision of the circuit court. The court quoted the opinion of "[t]he circuit court, which was privy to more

15

of the details surrounding the alleged 'amendment'":

> "Petitioner's claim that his court committed reversible error by amending, changing or correcting the indictment without consent of the defense is an inaccurate conclusion on the Petitioner's part. The Petitioner relies on § 15-8-90 Code of Alabama, 1975. This statute has been supplanted by Rule 13.5 of the Alabama Rules of Criminal Procedure. Rule 13.5, A.R.Cr.P., states that as long as 'no additional or different offense is charged and if the substantial rights of the defendants are not prejudiced,' an indictment may be amended by the court before the verdict or finding without the defendant's consent. No substantial rights of the Petitioner were prejudiced by correcting the victim's name on the indictment. The Defendant was provided full discovery and at all times he was well aware of the charges against him and the names of his two victims."

(Doc. No. 8, Exh. L pg. 4.)

This court's review of this claim is limited to considering whether the notice afforded Petitioner through the state procedures was constitutionally sufficient under the Sixth and Fourteenth Amendments. The Due Process Clause of the Fourteenth Amendment requires that whatever charging method the state chooses to employ, it must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. *Jackson v. Virginia,* 443 U.S. at 314; *Faretta v. California,* 422 U.S. 806, 818 (1975). However, "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980).

Here, the criminal appeals court found no merit to Petitioner's contention regarding his indictments and upheld the state court's conclusions that Petitioner's indictments were not improperly amended and that they clearly informed him of the charges against him and

identified the persons whom he was convicted of having sodomized and enticed. Because the indictments provided Petitioner with sufficient notice to allow him to prepare an adequate defense, and he has not otherwise demonstrated that the trial court's actions prejudiced him, no due process violation occurred, and the appellate court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United State Supreme Court. *See United States v. Miller*, 471 U.S. 130, 136 (1985) (convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment.); *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003). Since the indictments met the minimum constitutional standard, the court concludes that any other deficiency Petitioner alleges with respect to his indictments are matters of state law and are not cognizable in a federal habeas corpus petition. 28 U.S.C. § 2254(a). *See Willeford v. Estelle,* 538 F.2d 1194, 1196-98 (5th Cir.1976); *see also Estelle v. McGuire*, 502 U.S. 62 (A federal court has no authority to re-examine state court determinations on questions of state law); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988) (A state court's interpretation of its own laws and rules provides no basis for federal habeas relief).

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on

or before **April 19, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE